UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATONYA TURK

    Plaintiff,

v.                                                                                  Case No. 05-70386

CITIMORTGAGE,                                                      Honorable Patrick J. Duggan

    Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 29, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

      This lawsuit arises out of a mortgage Defendant CitiMortgage ("Defendant") held on real property owned by Plaintiff Latonya Turk ("Plaintiff"). In her complaint, Plaintiff alleges that Defendant's misrepresentations when Plaintiff was attempting to refinance the property prevented Plaintiff from refinancing and ultimately led to Defendant's foreclosure on the property. Presently before the Court is Defendant's Motion for Summary Judgment, filed May 12, 2005.

      According to Defendant, it served Plaintiff with a copy of its motion for summary judgment via United States mail on May 12, 2005. On the same date, this Court sent a

notice to the parties indicating that the motion had been filed and reminding them of the provisions of Local Rule 7.1, specifically subsection (d) which provides that "[a] response to a dispositive motion must be filed within 21 days after service of the motion." Nevertheless, Plaintiff has not responded to the motion. This Court sent an additional notice to the parties on July 18, 2005, indicating that it is dispensing with oral argument pursuant to Local Rule 7.1(e)(2).

I.     Background

In 2001, Plaintiff secured a mortgage from Defendant for real property located at 16835 Sunderland Road in Detroit, Michigan. Pl.'s Compl. ¶ 3. Sometime thereafter, Plaintiff sought to refinance this property and she requested a "payoff" statement from Defendant. According to Plaintiff, the payoff amount Defendant provided was inaccurate because it failed to reflect mortgage payments she previously made, improperly included costs for insurance coverage, and failed to reflect a credit for property tax refunds received from the City of Detroit. *See id.* ¶¶ 6 &14. Plaintiff claims Defendant failed to correct the payoff amount despite her repeated requests and her presentation of proof that the amount quoted was inaccurate. As a result, Plaintiff claims she was not able to close on her refinancing. *See id.* ¶¶ 7-8, 11 & 19. Apparently Plaintiff failed to make one or more mortgage payments during this period and, as a result, Defendant ultimately foreclosed on the property. *See id.* ¶¶ 12 & 20.

On September 17, 2004, Plaintiff filed a complaint in Wayne County Circuit Court alleging the following "counts" against Defendant: (1) breach of contract; (2) negligent misrepresentation; (3) innocent misrepresentation; (4) violations of the Fair Debt

Collection Practices Act and Consumer Credit Protection Act; (5) attorneys' fees; and (6) punitive damages.  Defendant removed Plaintiff's complaint to this Court on February 2, 2005, pursuant to 28 U.S.C. §§ 1331 and 1441.

On February 17, 2005, this Court issued a scheduling order requiring the parties, *inter alia*, to complete discovery by July 15, 2005.  On March 7, 2005, Defendant served Plaintiff with initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure and discovery requests pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure.  *See* Def.'s Mot. Ex. B and Ex. C.  Included in Defendant's initial discovery requests were eleven requests for admission.  *See id.* Ex. C at 7-9.

According to Rule 36(a) of the Federal Rules of Civil Procedure, Plaintiff was required to respond to Defendant's requests for admission within thirty days.  FED. R. CIV. P. 36(a). Therefore, Plaintiff's response was due on April 6, 2005.  *Id.*  On April 5, 2005, Plaintiff's counsel contacted Defendant's counsel for the first time during the course of this litigation indicating that he would serve Plaintiff's initial disclosures and responses to Defendant's discovery requests immediately.  *See* Def.'s Mot. Ex. D.  While Plaintiff served Defendant with her initial disclosures the next day,[1] Plaintiff never responded to Defendant's discovery requests.  *See* Def.'s Mot. Ex. E-G.

On April 28, 2005, Defendant's counsel wrote to Plaintiff's counsel suggesting that both parties agree to a stipulated order requiring Plaintiff to provide accurate initial disclosures and discovery responses by May 5, 2005.  *See* Def.'s Mot. Ex. G.  Plaintiff's

---

[1] According to Defendant, however, Plaintiff's initial disclosures were inadequate.

counsel agreed and this Court signed a stipulated order on May 5, 2005. *See id.* & Ex. H. Even with this extension of time, however, Plaintiff failed to respond to any of Defendant's discovery requests. Def.'s Mot. at 8.

## II.     Standard of Review

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323. Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).

## III.    Applicable Law and Analysis

Rule 36(a) of the Federal Rules of Civil Procedure provides, in part:

4

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or the application of law to fact, including the genuineness of any documents described in the request.

FED. R. CIV. P. 36(a). Rule 36(a) further provides that "[t]he matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter." *Id.* As the Sixth Circuit has stated, "[u]nder Rule 36(b), a request for admissions which is not responded to within the applicable time period 'is conclusively established unless the court on motion permits withdrawal or amendment of the admission.'" *Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 153 (6th Cir. 1997). Rule 36(a) allows a party to request an admission even where the request seeks admission of "ultimate facts" or "is dispositive of the entire case." *Campbell v. Spectrum Automation Co.*, 601 F.2d 246, 253 (6th Cir. 1979)(citations omitted). Thus matters deemed admitted pursuant to Rule 36(a) can serve as a basis for the granting of a motion for summary judgment. FED. R. CIV. P. 56(c); *First Nat'l Bank Co. of Clinton, Ill. v. Ins. Co. of N. Am.*, 606 F.2d 760, 766 (7th Cir. 1979)(citations omitted); *see Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985)(upholding grant of summary judgment in favor of the defendant based upon requests for admission that had been deemed admitted due to the plaintiffs' failure to timely respond to the defendant's discovery requests).

In its motion, Defendant asks the Court to deem the matters set forth in its requests for admission as admitted due to Plaintiff's failure to respond to Defendant's requests.

5

As relevant to the pending motion, the requests for admission Defendant served on Plaintiff on March 7, 2005, are as follows:

> REQUEST FOR ADMISSION NO. 2: Admit that Plaintiff defaulted on her mortgage with CitiMortgage.
>
> REQUEST FOR ADMISSION NO. 3: Admit that, due to Plaintiff's default on her mortgage with CitiMortgage, CitiMortgage was entitled to foreclosure.
>
> REQUEST FOR ADMISSION NO. 4: Admit that CitiMortgage did not foreclose on its mortgage with Plaintiff before giving proper written notice to Plaintiff of the foreclosure.
>
> REQUEST FOR ADMISSION NO. 6: Admit that CitiMortgage correctly applied all mortgage payments and insurance payments made by Plaintiff to CitiMortgage.
>
> REQUEST FOR ADMISSION NO. 7: Admit that CitiMortgage did not improperly charge Plaintiff's account for insurance coverage.
>
> REQUEST FOR ADMISSION NO. 8: Admit that no CitiMortgage representative made a misrepresentation to Plaintiff regarding her mortgage account.
>
> REQUEST FOR ADMISSION NO. 9: Admit that CitiMortgage was trying to collect from Plaintiff a debt Plaintiff owed to CitiMortgage and therefore CitiMortgage is not a "debt collector" for purposes of the Fair Debt Collection Act, 15 U.S.C. § 1962 [sic].
>
> REQUEST FOR ADMISSION NO. 10: Admit that CitiMortgage was trying to collect from Plaintiff a debt Plaintiff owed to CitiMortgage and therefore CitiMortgage is not a "debt collector" for purposes of the Consumer Credit Protection Act, 15 U.S.C. § 1681.
>
> REQUEST FOR ADMISSION NO. 11: Admit that CitiMortgage did not misappropriate any funds from Plaintiff.

Def.'s Mot. Ex. C at 7-9.  As Plaintiff has failed to answer or object to Defendant's requests for admission, the Court will deem the matters within the requests admitted

pursuant to Rule 36(a).

    A.    *Breach of Contract*

Plaintiff alleges that Defendant breached the terms of the mortgage agreement by charging Plaintiff for insurance coverage and failing to apply certain mortgage payments previously made by Plaintiff in calculating the outstanding balance of her loan. Pl.'s Compl. ¶ 23. Plaintiff further alleges that Defendant breached the terms of the mortgage agreement when Defendant failed to provide Plaintiff with a notice of the foreclosure before it was initiated. *Id.* ¶ 25. Defendant argues that the matters set forth in requests for admission numbers four, six, and seven– once admitted– prevent Plaintiff from establishing her breach of contract claim.

As admitted, requests for admission numbers four, six, and seven preclude Plaintiff from establishing that Defendant breached the mortgage agreement as alleged in the complaint. The Court therefore will grant Defendant's motion for summary judgment with respect to this claim.

    B.  *Fraudulent Misrepresentation and Innocent Misrepresentation*

Plaintiff alleges that Defendant fraudulently misrepresented the amount that she needed to pay in order to payoff her mortgage. Pl.'s Compl. ¶ 29. In order to prove her fraudulent misrepresentation claim, Plaintiff must show that: (1) Defendant made a material representation; (2) the misrepresentation was false; (3) when the misrepresentation was made Defendant knew it was false; (4) Defendant made it with the intention that Plaintiff would rely upon it; (5) Plaintiff did rely upon it; and (6) Plaintiff suffered injury. *Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336, 247

N.W.2d 813, 815-16 (1976)(citing *Candler v. Heigho*, 208 Mich. 115, 121, 175 N.W. 141, 143 (1919)). Plaintiff further alleges that Defendant innocently misrepresented that it would make the proper adjustments to her account once she pointed out the errors in Defendant's calculation. Pl.'s Compl. ¶ 34. As one of its elements, an innocent misrepresentation claim requires that a misrepresentation actually was made. *U.S. Fid. & Guar. Co. v. Black*, 412 Mich. 99, 114, 313 N.W.2d 77, 83 (1981)(citing *Phillips v. Gen. Adjustment Bureau*, 12 Mich. App. 16, 20, 162 N.W.2d 301, 302 (1968)). Defendant argues that request for admission number eight, if admitted, prevents Plaintiff from establishing her fraudulent misrepresentation and innocent misrepresentation claims.

Request for admission number eight asks Plaintiff to admit that no CitiMortgage representative made a misrepresentation to Plaintiff regarding her mortgage account. This matter, as admitted, precludes Plaintiff from establishing a necessary element of her fraudulent misrepresentation and innocent misrepresentation claims– i.e. that a misrepresentation was made by Defendant. Thus, this Court grants Defendant's motion for summary judgment with respect to these claims.

### D. Fair Debt Collection Practices Act and Consumer Credit Protection Act

Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") and Consumer Credit Protection Act ("CCPA") by making false and misleading misrepresentations with respect to the pay-off amount that Plaintiff still owed on her loan. Pl.'s Compl. ¶ 46. Additionally, Plaintiff claims Defendant used unfair and unconscionable means to collect Plaintiff's debt when it proceeded with foreclosure. *Id.* ¶ 47. Defendant argues that requests for admission numbers two, three, four, and eight

should be deemed admitted and would result in this Court granting summary judgment for Defendant with respect to this claim. As admitted, the matters set forth in these requests for admission entitled Defendant to summary judgment on Plaintiff's FDCPA and CCPA claim.

Additionally, the FDCPA provides that a creditor is not a debt collector for purposes of the act if the creditor, in its own name, is trying to collect a debt that is owed to the creditor. *See* 15 U.S.C. § 1692a(6)(A). As set forth in requests for admission numbers nine and ten, Defendant was trying to obtain a debt that it was owed by Plaintiff. Therefore the Court finds, as a matter of law, that Defendant is not a "debt collector" under the FDCPA. Similarly, the CCPA is not applicable as Defendant is not a consumer reporting agency nor was the information of which Plaintiff complains contained in a consumer report.[2] *See* 15 U.S.C. §§ 1681a(d) & (f). Thus the Court concludes that Defendant is entitled to summary judgment on Plaintiff's claim brought pursuant to these acts.

*E. Misappropriation of Funds*

Plaintiff further alleges that Defendant misappropriated Plaintiff's funds in that Defendant failed to credit Plaintiff for money she paid towards her mortgage. Pl.'s

---

[2]Pursuant to the CCPA, the term "consumer reporting agency" means "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports *to third parties* . . ." 15 U.S.C. § 1681a(f) (emphasis added). The definition of "consumer report" specifically excludes the type of information at issue here as "[t]he term . . . does not include . . . any report containing information solely as to transactions or experiences between the consumer and the person making the report." 15 U.S.C. § 1681a(d).

Compl. ¶ 51. Defendant argues that requests for admission numbers six and eleven should be deemed admitted by this Court and would result in this Court granting summary judgment for Defendant with respect to this claim. Request for admission number eleven provides that Defendant did not misappropriate any funds from Plaintiff. As this matter is deemed admitted, the Court will grant summary judgment in favor of Defendant with respect to this claim.

### F.  Attorneys' Fees and Punitive Damages

As this Court is granting Defendant's motion for summary judgment with respect to Plaintiff's substantive claims, there is no basis for granting Plaintiff attorneys' fees or punitive damages.

## IV.    Defendant's Request for Sanctions

Defendant seeks attorneys' fees for bringing this motion pursuant to Rule 37 of the Federal Rules of Civil Procedure. Only two subsections of Rule 37 possibly could apply to Defendant's request: Rule 37(a) or (c). Rule 37(a) requires a court to impose sanctions where a party has applied for an order compelling disclosure or discovery and either the motion is granted or the disclosure or requested discovery is provided after the motion is filed. In this case, Defendant has not filed a motion to compel disclosure or discovery and therefore sanctions pursuant to this subsection are not appropriate.

Rule 37(c) provides, in part:

> If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, *and* if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring

10

> the other party to pay the reasonable expenses *incurred in making that proof*, including reasonable attorney's fees.

FED. R. CIV. P. 37(c) (emphasis added). In this Court's view, Rule 37(c) also does not entitle Defendant to attorneys' fees under the circumstances of this case. Defendant has not proven the truth of the matters set forth in its requests for admission; Defendant only has sought to have the matters admitted based on Plaintiff's failure to answer its discovery requests. Therefore, the Court denies Defendant's request for sanctions.

Accordingly,

**IT IS ORDERED**, that Defendant's motion for summary judgment is **GRANTED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Keino D. Campbell, Esq.
Robert M. Horwitz, Esq.